IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LENIL COLBERT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 07 C 4737 |
| v. ) | |
| ) | Judge Joan Humphrey Lefkow |
| ) | Magistrate Judge Maria Valdez |
| PAT QUINN, et al., ) | |
| ) | |
| Defendants. ) | |

FILED
SEP 08 2011
Sep 8, 2011
JUDGE JOAN H. LEFKOW
UNITED STATES DISTRICT COURT

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY**

*A SETTLEMENT HAS BEEN PROPOSED THAT MAY AFFECT THE RIGHTS OF INDIVIDUALS WITH DISABILITIES LIVING IN NURSING FACILITIES WHO MAY BE ABLE TO LIVE IN COMMUNITY-BASED SETTINGS.*

### BASIC INFORMATION

**1.    WHY DID YOU GET THIS NOTICE?**

You were sent this Notice to inform you about the proposed settlement of the class action lawsuit, as set forth in the Consent Decree ("Consent Decree") proposed in this case, which may affect the rights of individuals with disabilities living in nursing facilities in Cook County who with appropriate supports and services may be able to live in the community. This Notice was sent to you and other people (and/or guardians or legal representatives) in Cook County who have been identified as being eighteen (18) years of age or older with a physical disability or mental illness, Medicaid-eligible and who may be able to live in the community, as well as individuals and entities who care for and work with them.

This Notice explains the lawsuit and the key terms of the Consent Decree, tells you how to obtain more information, explains how to determine whether an individual with a disability living in a nursing facility is a Class Member in the lawsuit, and explains how Class Members (and/or their legal representatives) can tell the Court whether they disagree with the Consent Decree or some part of it.

The Consent Decree described in this Notice is subject to Court approval, and thus has not yet been made final. The Court has scheduled a hearing to determine the fairness, adequacy

and reasonableness of the Consent Decree and to consider any objections Class Members may have to the Consent Decree.

The Consent Decree may affect the rights of individuals with disabilities living in nursing facilities in Cook County who may be able to live in community-based settings. ***The Consent Decree does not require anyone currently living in a nursing facility to move out unless he or she specifically chooses to do so.***

## 2. WHAT IS THIS LAWSUIT ABOUT?

The Court in charge of the lawsuit is the United States District Court for the Northern District of Illinois, and the case is known as *Colbert v. Quinn*, Case No. 07-4737. The people who sued are called the Plaintiffs, and the people they sued are called the Defendants.

Plaintiffs filed this lawsuit on August 22, 2007, seeking to prevent what they allege is their unnecessary segregation in nursing facilities by Defendants. The named Plaintiffs are adults with physical disabilities or mental illness who are or were institutionalized in Cook County nursing facilities. The named Defendants are: Pat Quinn, the Governor of the State of Illinois; Michelle R. B. Saddler, Secretary of the Illinois Department of Human Services; Julie Hamos, Director of the Illinois Department of Healthcare and Family Services; Damon T. Arnold, Director of the Illinois Department of Public Health; and Charles D. Johnson, Director of the Illinois Department on Aging.[1] The Defendants are responsible for administering the State of Illinois's programs for people with physical disabilities and mental illness. The lawsuit seeks to compel the State of Illinois (through the Defendants) to comply with federal law and rulings of the United States Supreme Court by offering individuals with disabilities the opportunity to make meaningful, informed choices about whether to live, and receive support service, in the community.

## 3. WHAT IS A CONSENT DECREE AND WHY IS IT BEING PROPOSED HERE?

A Consent Decree is a final order of a court in a case that is agreed to by all Plaintiffs and Defendants. The Court in this case did not decide in favor of either Plaintiffs or Defendants. There was no trial or dispositive court ruling in the case. Instead, the Plaintiffs and Defendants negotiated a settlement of this dispute that is set out in the Consent Decree. Plaintiffs and Defendants have asked the Court to enter the Consent Decree as an official order of the Court. By settling this lawsuit, the Parties avoid having to face the uncertainty of the outcome of a trial as well as the substantial cost of a trial. In addition, people with physical disabilities and mental illness living in Cook County will get relief from Defendants much sooner than if they had to wait for the resolution of the lawsuit through a trial and expected appeals. That process could take many years. The Plaintiffs who filed the lawsuit and their attorneys think the Consent Decree is the best outcome for the people who are Class Members.

---

[1] Since this lawsuit was filed, Charles D. Johnson has retired and Michael Gelder has been named the Acting Director of the Department on Aging.

4. WHO IS A CLASS MEMBER?

The Court has certified the lawsuit as a class action and decided that everyone who fits this description is a Class Member: any adult with a disability who (a) is Medicaid-eligible; (b) resides in a nursing facility in Cook County; and (c) may, with appropriate supports and services, be able to live in the community.

5. **WHAT IS CONSIDERED A DISABILITY?**

In the Consent Decree, the definition of "disability" includes a physical disability as well as mental illness. For the purposes of this lawsuit, disability does not include a developmental disability. Persons with developmental disabilities are not Class Members. Under the Consent Decree, a Class Member with a physical disability has a disability as defined in the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, or the Social Security Act, other than a mental illness or a developmental disability.

Under the Consent Decree, a Class Member with mental illness must have a primary diagnosis of "serious mental illness" and be substantially functionally limited due to mental illness in at least two of the following areas: self-maintenance, social functioning, community living activities; and work-related skills. "Serious mental illness" is defined as a diagnosis of: schizophrenia; delusional disorder; schizo-affective disorder; psychotic disorder not otherwise specified; Bipolar Disorder I - mixed, manic, and depressed; Bipolar Disorder II; Cyclothymic Disorder; Bipolar Disorder not otherwise specified I; and major depression, recurrent. In addition, the disability must be of an extended duration expected to be present for at least a year, which results in a substantial limitation in major life activities. These individuals will typically have experienced two or more psychiatric hospitalizations and receive Social Security Income (SSI) or Social Security Disability Income (SSDI) because of mental illness, or have been deemed eligible for SSI or SSDI.

## THE SETTLEMENT

6. **WHAT DOES THE CONSENT DECREE IN THIS CASE PROVIDE?**

The Consent Decree that the Plaintiffs and Defendants have asked the Court to enter in this case, if approved by the Court, would provide certain rights and benefits to eligible Class Members as defined above. If the Consent Decree is not approved, it will be withdrawn and the lawsuit will continue. A copy of the entire Consent Decree is available on the following websites:

| | |
|---|---|
| Division of Mental Health of the Illinois Department of Human Services | http://www.dhs.state.il.us/page.aspx?item=29728 |

| | |
|---|---|
| Division of Rehabilitation Services of the Illinois Department of Human Services | http://www.dhs.state.il.us/page.aspx?item=2976 4 |
| Access Living | www.accessliving.org |
| Equip for Equality | www.equipforequality.org |
| ACLU of Illinois | www.aclu-il.org |

Plaintiffs and Defendants in this case believe that the Consent Decree is fair, reasonable and provides adequate and appropriate relief to all eligible Class Members. The parties believe the Consent Decree provides eligible Class Members the opportunity to make meaningful and informed choices about where they live. The Consent Decree requires Defendants to make available adequate services to support Class Members who choose to receive services in the community, rather than in a nursing facility. The Consent Decree establishes procedures to allow Class Members to choose placement in the community while also allowing Class Members who choose to remain living in nursing facilities.

The following is a brief summary of key terms in the Consent Decree:

- Measurable Benchmarks - The Consent Decree establishes benchmarks for moving specific numbers of Class Members out of nursing facilities during the first phase of implementation. Under the Consent Decree, Defendants are required to move 1,100 Class Members into the community within the first two and one half years of implementation. Under the Consent Decree, 300 Class Members are to be moved in the first year; 500 in the second year, and 300 Class Members in the first six months of year three. The Parties will develop benchmarks for Class Members moving into the community during the second phase of implementation.

   *The Consent Decree does not require anyone currently living in a nursing facility to move out unless he or she specifically chooses to do so.*

- Housing Assistance - The Consent Decree requires Defendants to provide up to a total of $10 million in housing assistance in order to support the first 1,100 Class Members moving into the community during the first two and one half years of implementation. In addition, Defendants are required to provide funds for required home modifications, and for the purchase of basic furniture, and other household items such as sheets, towels, and kitchen utensils. During the first phase of implementation, the Parties will develop a plan that addresses housing assistance for these and other Class Members going forward.

- Cost-Neutrality - The Consent Decree requires that the Parties develop a plan for the second phase of implementation that provides for Class Members to continue moving into the community at a reasonable pace and in a "cost-neutral" fashion. That means that the cost incurred by the State for Class Members who move into the community will, in aggregate, be no more than the cost that the State would have spent had those moved Class Members remained in nursing facilities.

- Development of Community Capacity - The Consent Decree requires Defendants to develop the services needed to adequately support Class Members who choose to live in the community.

- Monitoring and Compliance - Under the Consent Decree, the Court will appoint an independent and impartial monitor ("Monitor") who is knowledgeable about providing services to people with mental illness or physical disabilities in the community. The Monitor will work with the Parties to develop the plan for the second phase of implementation as well as assist the Court in evaluating the Defendants' compliance with the Consent Decree.

- Attorneys' Fees and Costs - Under the Consent Decree, Defendants will pay $1,200,000 to the attorneys who brought this case on behalf of the Plaintiffs and the Class Members ("Class Counsel"). Those attorneys are identified below in response to question 13. This payment will be in full settlement of attorneys' fees and costs incurred in connection with the prosecution of the lawsuit. This is substantially less than the actual fees that Class Counsel have incurred in pursuing this lawsuit. Class Members do not have to pay anything to Class Counsel. Private law firm counsel are not retaining any portion of these fees; they are donating their share of fees to one of the not-for-profit organizations involved in bringing this case.

## 7. WHAT IS A "COMMUNITY-BASED SETTING" AND WHAT ARE "COMMUNITY-BASED SERVICES"?

In the Consent Decree, "Community-Based Setting" means the most integrated setting appropriate to promote a Class Member's independence in daily living and ability to interact with persons without disabilities to the fullest extent possible. A Community-Based Setting may be a house, an apartment, a supportive living facility, permanent supportive housing, or another type of supported or supervised residential setting that is specifically chosen by the Class Member.

In the Consent Decree, "Community-Based Services" means those services provided to a person living in a Community-Based Setting under the Illinois Medicaid State Plan, services provided under any applicable Home and Community Based Services Waiver, services described in the Medicaid Community Mental Health Services Program administered by the Illinois Department of Human Services' Division of Mental Health and authorized pursuant to 59 Ill. Adm. Code Part 132 (hereafter referenced as Rule 132) in effect as of the Approval Date, including any subsequent amendments thereto, services listed in the State of Illinois Community Mental Health Services Reimbursement Guide or services provided pursuant to any other similar government programs. Some examples of Community-Based Services are personal attendants and homemakers who can assist with preparing meals, dressing, bathing, and other activities of daily living, in-home nursing care, and mental health services to address crisis management, risk factors, self-advocacy, or medication management.

8. **WILL CLASS MEMBERS RECEIVE MONEY FROM THE CONSENT DECREE?**

No. The lawsuit did not seek money damages on behalf of any Class Member, and there is no money awarded to any Class Member as part of the Consent Decree.

## CLASS MEMBERS' RIGHTS

Class Members (and/or guardians or legal representatives) can tell the Court whether they agree or disagree with the Consent Decree or some part of it.

9. **HOW DO YOU TELL THE COURT THAT YOU AGREE OR DISAGREE WITH ALL OR PART OF THE CONSENT DECREE?**

All Class Members have the right to state any objection they may have to the Consent Decree and to give reasons why they believe the Court should not approve it. All Class Members have the right to state their approval of the Consent Decree, although they are under no obligation to do so.

The Court and the Parties will consider those opinions submitted by Class Members in the following manner:

- The statement must include the name and number of the case; (*Colbert v. Quinn*, Case: No. 07-4737);

- The statement must include a statement of the reasons why the Court should or should not approve the Consent Decree;

- The statement must be no longer than 15 pages in length;

- The statement must include the name, address, telephone number, and signature of the individual submitting it; and

- The statement must be submitted by U.S. Mail and postmarked no later than November 22, 2011, to

    Patricia A. Werner
    Access Living
    115 West Chicago Avenue
    Chicago, Illinois, 60654.

Attorney Patricia Werner, co-counsel for the Class, will provide the Court and other counsel for the Plaintiffs and Defendants with the statements that she receives and that Class Members want presented to the Court. Please note that it is not sufficient to simply state that you object. Objections must state the reasons why the Consent Decree should not be approved.

## THE COURT'S FAIRNESS HEARING

The Court will hold a Fairness Hearing to decide whether to approve the Consent Decree.

### 10. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE CONSENT DECREE?

The Fairness Hearing will be held before the Honorable Joan Humphrey Lefkow, United States District Judge, in the Dirksen Federal Building, 219 S. Dearborn Street, Room 1925 Chicago, Illinois 60604, on December 20, 2011, at 9:00 a.m. At this hearing, the Court will consider whether the Consent Decree is fair, reasonable, and adequate. The Court will consider any objections made according to the procedures described above.

### 11. DO YOU HAVE TO COME TO THE HEARING?

All Class Members are welcome to attend the Fairness Hearing if they choose to do so, but no one is required to attend the Fairness Hearing. Plaintiffs' and Defendants' lawyers will be available to answer questions Judge Lefkow may have. If you submit a statement or objection in accordance with the procedures described in Section 9, above, you are not required to come to Court to talk about it. As long as you mailed your written statement or objection in accordance with the procedures described in Section 9, above, the Court will consider it.

### 12. WHO CAN SPEAK AT THE FAIRNESS HEARING?

You may ask the Court for permission to speak at the Fairness Hearing. The Judge will decide whether you are permitted to do so. To request permission to speak at the Fairness Hearing, you must send a request to the Court, Class Counsel, and Counsel for the Defendants in the following manner:

- The request must be entitled: "Notice of Intention to Appear in *Colbert v. Quinn*, Case No. 07-4737"

- You must send your "Notice of Intention to Appear" to the attorney listed below via U.S. mail, postmarked no later than November 22, 2011:

    > Patricia Werner
    > Access Living of
    > Metropolitan Chicago
    > 115 W. Chicago Ave.
    > Chicago, IL 60654

- Be sure to include your name, address, telephone number, and your signature on your "Notice of Intention to Appear."

- If you file a statement or objection and also want to ask for permission to speak at the Fairness Hearing, you can include the "Notice of Intention to Appear" in the same

document as the statement/objection that is sent to Patricia Werner at Access Living, 115 West Chicago Avenue, Chicago, Illinois, 60654. Ms. Werner will provide copies of these "Notices of Intention to Appear" to the Court and to other counsel for the parties.

## LAWYERS REPRESENTING THE CLASS

### 13. WHO ARE THE CLASS MEMBERS' LAWYERS IN THE CASE?

The Court ordered that the following attorneys represent the Class Members. These lawyers are called "Class Counsel."

>Stephen D. Libowsky
>SNR DENTON US LLP
>233 South Wacker, Suite 7800
>Chicago, IL 60606
>
>Celiza P. Bragança
>Patricia A. Werner
>ACCESS LIVING OF METROPOLITAN CHICAGO
>115 West Chicago Avenue
>Chicago, IL 60654
>
>Benjamin S. Wolf
>THE AMERICAN CIVIL LIBERTIES UNION OF ILLINOIS
>180 North Michigan Avenue, Suite 2300
>Chicago, IL 60601
>
>Karen I. Ward
>EQUIP FOR EQUALITY
>20 N. Michigan, #300
>Chicago, IL 60602
>
>Stephen F. Gold
>LAW OFFICES OF STEPHEN F. GOLD
>125 South Ninth Street, Suite 700
>Philadelphia, PA 19107

Class Members will not be charged for these lawyers' fees or expenses.

## GETTING MORE INFORMATION

### 14. HOW DO YOU GET MORE INFORMATION ABOUT THE CONSENT DECREE?

A copy of the entire Consent Decree is available on the following websites:

| | |
|---|---|
| Division of Mental Health of the Illinois Department of Human Services | http://www.dhs.state.il.us/page.aspx?item=29728 |
| Division of Rehabilitation Services of the Illinois Department of Human Services | http://www.dhs.state.il.us/page.aspx?item=29764 |
| Access Living | www.accessliving.org |
| Equip for Equality | www.equipforequality.org |
| ACLU of Illinois | www.aclu-il.org |

If you have any questions for Plaintiffs' lawyers or want to request that a copy of the Consent Decree be mailed to you, you may contact Patricia Werner at Access Living, 115 West Chicago Avenue, Chicago, Illinois 60654, (312) 640-2148, TTY (312) 640-2102.

Dated: SEP 09 2011, 2011

The Honorable Joan Humphrey Lefkow
United States District Court Judge
SEP 09 2011

**EXHIBIT B-1: FORM OF SUMMARY PUBLICATION NOTICE**

## LEGAL NOTICE OF PROPOSED CLASS ACTION
## CONSENT DECREE AND HEARING

**If you are a person in Cook County, Illinois, who is 18 years of age or older and living in a nursing facility, a class action lawsuit may affect your rights.**

This Notice is being published by order of the United States District Court for the Northern District of Illinois to inform you of the proposed settlement of a class action lawsuit (*Colbert v. Quinn*, Case No. 07 C 4737) set forth in a proposed Consent Decree ("Consent Decree") against the Governor of the State of Illinois, the Secretary of the Illinois Department of Human Services, the Director of the Illinois Department of Healthcare and Family Services, the Director of the Illinois Department of Aging, and the Director of the Illinois Department of Public Health regarding services provided to individuals with disabilities residing in nursing facilities in Cook County, Illinois. The parties to that lawsuit have reached a proposed Consent Decree that, if approved by the Court, would provide certain rights and benefits to eligible individuals. The Court will hold a hearing to consider whether to approve the proposed Consent Decree on December 20, 2011 at 9:00 a.m. before the Honorable Joan Humphrey Lefkow, United States District Judge, in the Dirksen Federal Building, 219 S. Dearborn Street, Room 1925, Chicago, Illinois 60604.

**Who's Included?** You are a Class Member whose rights may be affected by the proposed Consent Decree if you are a Medicaid-eligible adult with a physical disability or a primary diagnosis of serious mental illness that causes you to be substantially functionally limited in certain respects, who lives in a nursing facility located in Cook County, Illinois, and who, with appropriate supports and services, may be able to live in the community.

**What Does the Proposed Settlement Provide?** Plaintiffs and Defendants have asked the Court to enter an order that, if approved, would provide certain rights and benefits (as more fully described in the proposed Consent Decree) to eligible Class Members living in nursing facilities. The Consent Decree provides eligible Class Members the opportunity to make meaningful informed choices about where they live; requires Defendants to ensure that supports and services are available to individuals with disabilities in integrated, non-institutional settings; and establishes procedures to avoid unjustified institutionalization.

How Can I Get More Information? A detailed Notice describing the proposed Consent Decree, the rights of class members and a copy of the proposed Consent Decree itself are available on the website of the Division of Mental Health of the Illinois Department of Human Services http://www.dhs.state.il.us/page.aspx?item=29728, Division of Rehabilitation Services of the Illinois Department of Human Services http://www.dhs.state.il.us/page.aspx?item=29764, Equip for Equality www.equipforequality.org, Access Living www.accessliving.org, and the American Civil Liberties Union of Illinois www.aclu-il.org. If you have any questions for plaintiffs' lawyers, you may contact Patricia A. Werner at Access Living, 115 W. Chicago Ave., Chicago, IL 60654, (312) 640-2148, TTY (312) 640-2102.

Dated: SEP 09 2011, 2011

Honorable Joan Humphrey Lefkow
United States District Court Judge

SEP 09 2011