# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ETHEL WILLIAMS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 05 C 4673 |
| | ) | |
| v. | ) | |
| | ) | Judge Joan H. Lefkow |
| J.B. PRITZKER, in his official capacity as | ) | |
| Governor of the State of Illinois, et al., | ) | Magistrate Judge Maria Valdez |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| LENIL COLBERT, et al., | ) | Civil Action No. 07 C 4737 |
| | ) | |
| Plaintiffs, | ) | Judge Joan H. Lefkow |
| | ) | |
| | ) | Magistrate Judge Maria Valdez |
| v. | ) | |
| | ) | |
| J.B. PRITZKER, in his official capacity as | ) | |
| Governor of the State of Illinois, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' POSITION STATEMENT
## REGARDING COMPLIANCE INDICATORS

Defendants, through their counsel, submit this position statement regarding the

Compliance Indicators that the Court-appointed Monitor filed on December 11, 2023 (*Williams*

Dkt. No. 626; *Colbert* Dkt. No. 469). The Defendants previously advised the Monitor and

Plaintiffs' counsel that they would file this position statement after the Monitor filed the

Compliance Indicators.

The Defendants do not object to the Monitor using the Compliance Indicators, including

the percentage metrics, for her monitoring of the Defendants' progress toward compliance with

their Decree obligations, and they have appreciated the opportunity to provide input and to

participate in the thoughtful process of putting them together. However, as the Defendants have

explained in their discussions with the Monitor and Plaintiffs' counsel, the Defendants reserve

their right to ultimately make one or both of two related arguments regarding substantial

compliance consistent with applicable case law. First, the Defendants reserve their right to argue

that the Court need not use and is not bound by one or more of the specific indicators in those

Compliance Indicators, including the percentage metrics, in the Court's eventual assessment

under Federal Rule of Civil Procedure 60(b) of the Defendants' substantial compliance with their

Decree obligations. *See, e.g., Shakman v. Pritzker*, 43 F.3d 723 (2022) (review of district court's

assessment of defendant's substantial compliance with consent decree obligations). Second, the

Defendants reserve their right to argue that, even if the Court chooses to consider specific

indicators or metrics, finding the Defendants in compliance with specific indicators or metrics is

not necessary to or required in the Court's overall assessment as to the Defendants' substantial

compliance with their Decree obligations. The Defendants recognize that they are not now at the

point where the Court will assess substantial compliance, and write separately simply to reserve

their rights consistent with the applicable case law and the requirements under Rule 60(b) for

determining that the Defendants are in substantial compliance with their Decree obligations.

Dated: December 12, 2023

Respectfully Submitted,

For Defendants

By: /s/ Brent D. Stratton
Brent D. Stratton
Karyn L. Bass Ehler
Illinois Attorney General
100 W. Randolph St.
Chicago, IL 60601
312-814-3000

Counsel for Defendants

2

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney of record, hereby certifies that, on December 12, 2023, he caused to be filed through the Court's CM/ECF system a copy of **Defendants' Position Statement Regarding Compliance Indicators**. Parties of record may obtain a copy of this filing through the Court's CM/ECF system.

/s/ Brent D. Stratton
Brent D. Stratton