# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LENIL COLBERT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 07 C 4737 |
| vs. | ) |
| | ) Judge Lindsay Jenkins |
| JB PRITZKER, in his official capacity as | ) |
| Governor of the State of Illinois, et al., | ) Magistrate Judge Valdez |
| | ) |
| Defendants. | ) |

## JOINT STATUS REPORT

Class Plaintiffs and Defendants, by their attorneys, submit this joint status report pursuant to the Court's May 23, 2024 Order (Dkt. No. 480).

## BACKGROUND OF THE CONSENT DECREE

1. In 2007, Plaintiffs filed this class action lawsuit. Plaintiffs sought declaratory and injunctive relief to remedy alleged violations of Title II of the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, as well as the Social Security Act. (*See* Amended Complaint (Dkt. No. 139.)) Plaintiffs alleged that members of the class were unnecessarily institutionalized by the Defendants in skilled nursing facilities, and that they have been and are being denied an opportunity to live in community-based settings and to receive appropriate community-based supports where they could lead more independent and productive lives.

2. In the summer of 2011, the parties entered into a Consent Decree, which the Court approved in December 2011. (Dkt. No. 208, 209.) The Decree requires the Defendants to set up a system that provides Class Members with the necessary housing and other supports and services, within the services provided under the federal waiver, to allow Class Members to live in

1

integrated community-based settings with supports appropriate to Class Members' needs. Class Members must be Medicaid eligible and currently live in a nursing facility located in Cook County, Illinois, and not have a severe cognitive disorder (as determined by an independent medical doctor) making community living not feasible. (Dkt. No. 210.) The Decree also contains obligations relating to the development of community capacity, and outreach, assessment, preparation of service plans, and housing requirements, all to allow for Class Members to transition to the community-based settings. *Id.*

3. A court-appointed monitor has assisted the Court and the Parties by reviewing Defendants' progress in their implementation and compliance efforts. Since the Decree began, there have been three different court monitors. The current court monitor, Kathryn du Pree, was selected in 2022. (Dkt. No. 431, 432.)

4. Each year the parties and the monitor work together to file an annual Implementation Plan (IP). The IP provides requirements and other obligations on the Defendants to occur during the year, which in turn is meant to help guide the Defendants' compliance efforts under the Decree. These IPs require a timeline for outreaches, assessments, plans of services, and transitions to the community, including the number of transitions required every year, as well as methods to attempt to improve compliance with the Decree.

5. The parties and the monitor are currently working together to arrive at an agreed IP for the coming year to move this case forward and will file that with the Court when it is completed. The IP is traditionally filed annually at the start of the new fiscal year.

6. Finally, in addition to regular Court hearings, the parties and the monitor meet monthly for several hours to discuss progress on the IP's benchmarks and Defendants' compliance with the Decree.

7.      Defendants provide Plaintiffs and the monitor with regular data reports, captured and provided to Plaintiffs and the monitor on "data dashboards." Defendants also regularly respond to questions sent by Plaintiffs and the monitor in between monthly meetings. The monitor also meets separately with Plaintiffs and Defendants on a regular basis.

8.      The most significant change in Defendants' compliance efforts since the appointment of Ms. du Pree is the proposal of her compliance assessment, using a comprehensive set of "compliance indicators" or "CIs" and metrics to measure those CIs. The court monitor will be using the CIs for her assessment of whether and the extent to which Defendants are in compliance with the Decree. The CIs were developed after extensive negotiations among the parties and court monitor and provide a framework for Defendants' ongoing efforts to move toward an ultimate exit from the Decree. The CIs were filed with the Court late in 2023. (Dkt. No. 469.)

9.      The parties and the monitor will be prepared to answer any additional questions the Court may have at the June 11, 2024, status hearing. To the extent the Court requests it, the parties defer to the monitor as to what key documents, beyond the Decree, may be most helpful to the Court.

Dated:  June 7, 2024

Respectfully Submitted,

By: s/Stephen D. Libowsky (with permission)  
One of the attorneys for Plaintiffs

By: s/Brent D. Stratton  
One of the attorneys for Defendants

Counsel for Plaintiffs:

Counsel for Defendants:

Stephen D. Libowsky  
Manatt, Phelps, & Phillips, LLP  
151 North Franklin Street  
Chicago, Illinois 60606  
312-477-4798  
slibowsky@manatt.com

Brent D. Stratton  
Karyn L. Bass Ehler  
Office of the Illinois Attorney General  
115 S. LaSalle Street  
Chicago, Illinois 60603  
312-814-4499  
brent.stratton@ilag.gov  
Karyn.bassehler@ilag.gov

Heidi Dalenberg  
Roger Baldwin Foundation of ACLU, Inc.  
150 N. Michigan Ave.  
Ste. 600  
Chicago, IL 60601  
312-201-9740  
hdalenberg@aclu-il.org

Lewis Bossing, Jr.  
Anashua Dutta  
Judge David L. Bazelon Center For Mental Health Law  
1090 Vermont Avenue NW  
Suite 220  
Washington, DC 20005-4900  
(202) 467-5730  
lewisb@bazelon.org  
anashuad@bazelon.org

Sujatha Branch  
Jin-Ho Chung  
Andrea Rizor  
Equip for Equality  
20 North Michigan  
Suite 300  
Chicago, IL 60602  
(312) 895-7317  
Sujatha@equipforequality.org  
JinHo@equipforequality.org  
AndreaR@equipforequality.org

# CERTIFICATE OF SERVICE

The undersigned, an attorney of record, hereby certifies that, on June 7, 2024, he caused to be filed through the Court's CM/ECF system a copy of the Joint Status Report. Parties of record may obtain a copy of this filing through the Court's CM/ECF system.

/s/ Brent D. Stratton

Brent D. Stratton
Karyn L. Bass Ehler
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, Illinois 60603
312-814-4499
brent.stratton@ilag.gov
karyn.bassehler@ilag.gov

Attorneys for Defendants